[No. 23766–7–I.  Division One.  April 16, 1990.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES F. BLAIR, *Respondent.*

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Dennis Benjamin* of *Washington Appellate Defender Association,* for respondent.

FORREST, J.—The State appeals from the sentence resulting from conviction of James Frederick Blair on two counts of burglary in the second degree and one count of taking and riding a motor vehicle without permission. We reverse.

Blair was sentenced on January 18, 1989. His criminal history consisted of two prior convictions for taking and riding: a November 10, 1981, class C felony conviction

in King County and a January 18, 1982, misdemeanor conviction in Solano County, California.[1] Both convictions resulted from Blair's taking of his father's car in California and driving it to Washington.

Blair received 3 years' probation for the California conviction. For the Washington conviction, he received a 30–day jail term, 3 years' probation and was required to pay restitution and court costs. On September 18, 1984, Blair was found to have violated his Washington probation, and in an order modifying probation, he was required to serve a 90–day jail term. His probation was extended 3 years from the date of the order. On March 6, 1987, Blair was again found to have violated his Washington probation. He was required to serve another 90–day jail term. His probation was terminated.

At the sentencing hearing, the State argued that both prior convictions should count toward Blair's offender score. The trial court determined that both the prior convictions had washed out under RCW 9.94A.360(2). Accordingly, the trial court computed Blair's offender score to be "3" instead of "5". The trial court sentenced Blair within the standard range to 8 months' confinement for each burglary conviction and 4 months' confinement for the taking and riding conviction, to be served concurrently. From this sentence, the State appeals.

This appeal presents two issues. First, the legal issue: does incarceration pursuant to a probation violation interrupt the 5–year wash–out period for a class C felony? Second, the factual issue: was Blair's wash–out period interrupted for either the 1982 California conviction or the 1981 Washington conviction?

## I

The wash–out provision for class C felonies is contained in RCW 9.94A.360(2), which reads in relevant part:

---

[1] The trial court found the California crime was the equivalent to a Washington class C felony. No appeal is taken from that ruling.

Class C prior felony convictions shall not be included in the offender score if, since the last date of release from *confinement* (including full–time residential treatment) *pursuant to a felony conviction,* if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.

(Italics ours.) No Washington authority is cited, nor have we found any, deciding whether incarceration for a probation violation constitutes confinement pursuant to a felony conviction within the meaning of the statute.

The court in *State v. Perencevic,*[2] however, interpreting language in the escape statute,[3] held that confinement for a community supervision violation was confinement "pursuant to a conviction of a felony".[4] Blair seeks to distinguish *Perencevic* by noting that it interpreted language in the escape statute, not the wash–out statute. This distinction is unpersuasive. The language of the statutes is very similar. Confinement due to a community supervision violation is clearly analogous to confinement due to a probation violation. In each case, the punishment incurred by the defendant grows out of an earlier felony conviction.[5]

■■ Indeed, the very language of the statute necessarily leads to the same conclusion. Confinement results from (1) the original conviction, which formerly could include terms of probation; and (2) the subsequent violation of probation conditions. In interpreting "pursuant to a felony conviction" under RCW 9.94A.360(2), there is no reason to disassociate the probation confinement from its underlying

---

[2]54 Wn. App. 585, 589, 774 P.2d 558, *review denied,* 113 Wn.2d 1017 (1989).

[3]RCW 9A.76.110(1) provides: "A person is guilty of escape in the first degree if, being detained *pursuant to a conviction of a felony* or an equivalent juvenile offense, he escapes from custody or a detention facility." (Italics ours.)

[4]*Perencevic,* at 589. The trial judge who sentenced Blair did not have the benefit of the *Perencevic* decision.

[5]*Cf. State v. Snyder,* 40 Wn. App. 338, 698 P.2d 597, *review denied,* 104 Wn.2d 1004 (1985); *State v. Solis,* 38 Wn. App. 484, 685 P.2d 672 (1984).

cause, the felony conviction. Each instance of the defendant's confinement must be considered. Disregarding confinement due to probation violations would render superfluous "last date of release from confinement" under the statute. It is a well-settled rule of statutory construction to give meaning to all words used.[6]

Moreover, "'Pursuant to' means 'in the course of carrying out: in conformance to or agreement with: according to.'"[7] Therefore, "confinement pursuant to a felony conviction" includes confinement due to a probation violation since this confinement results "in the course of carrying out" and "according to" a felony conviction. Hence, we reject Blair's suggested interpretation.

Blair argues that this result is in some way inconsistent with the purposes of the Sentencing Reform Act of 1981 (SRA). We disagree. Blair received a deferred sentence subject to terms of probation. This is in harmony with RCW 9.94A.010(5) by giving the offender an opportunity to improve himself. Blair was incarcerated for violating his probation conditions. Disregarding confinement due to probation violations when applying RCW 9.94A.360(2) would not promote respect for the law and provide just punishment as the SRA intended.[8] Treating those who violate probation conditions differently from those who observe such conditions furthers the goals of the SRA.

It was obvious upon adoption of the SRA that the wash-out provisions would apply to a large number of prior crimes involving terms of probation. If treating confinement for violation of such terms as interrupting the wash-out period was not desired, the Legislature could have codified this intent. We see nothing unfair to the defendant nor any

---

[6]*Hanson v. Tacoma*, 105 Wn.2d 864, 871, 719 P.2d 104 (1986); *State v. Van-Vlack*, 53 Wn. App. 86, 90, 765 P.2d 349 (1988).

[7]*Knowles v. Holly*, 82 Wn.2d 694, 702, 513 P.2d 18 (1973), quoting *Webster's Third New International Dictionary* 1848 (1968).

[8]*See* RCW 9.94A.010(1), (2).

conflict with the purposes of the SRA by giving the statutory language its natural interpretation.

The trial court erred in ruling that confinement as a penalty for a probation violation would not as a matter of law interrupt the wash–out period for the underlying conviction.

The judgment is reversed and remanded for sentencing within the standard range based on an offender's score of "4" rather than "3". The remainder of this opinion has no precedential value and thus will not be published pursuant to RCW 2.06.040.

GROSSE, A.C.J., and BAKER, J., concur.