[No. 28194-1-I.    Division One.    June 1, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM A. SMITH, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Olsen, Deputy,* for respondent.

PER CURIAM. — William A. Smith was charged by information with possession of cocaine with intent to deliver, contrary to RCW 69.50.401(a). He waived a jury trial and was found guilty as charged on stipulated facts. At the sentencing hearing Smith disputed the calculation of his offender score. The trial court rejected Smith's challenge, determined that Smith's offender score was 4 and imposed a sentence within the standard range. Smith timely appealed. A commissioner referred the case for accelerated review pursuant to RAP 18.12. We affirm.

The facts relevant to calculation of Smith's offender score are set forth in the trial court's findings of fact:

I.

The defendant was found guilty on October 3, 1988 at a non-jury trial of Violation of the Uniform Controlled Substances Act: Possession with Intent to Deliver a Controlled Substance, to wit: cocaine.

II.

The defendant's criminal history consists of the following felony convictions:

| Crime | Sentencing Date |
|---|---|
| 1. Grand Larceny #66247 | 01/16/74 |
| 2. Taking Motor Vehicle W/O Permission #68000 | 09/13/74 |
| 3. Grand Larceny #69244 | 10/23/74 |
| 4. Taking Motor Vehicle W/O Permission #80128 | 07/29/77 |

III.

The Grand Larceny convictions in 1974 are equivalent to Class C felonies.

IV.

Under Cause #66247, the Grand Larceny conviction, defendant received a five year deferred sentence on January 16, 1974. On September 13, 1974, the deferred sentence was revoked and

the defendant was sentenced to the Department of Corrections with the sentence imposed to run concurrent with cause #68000. He was paroled on March 17, 1976. On January 21, 1980 he was revoked on his parole. He was later paroled on March 20, 1981.

### V.

Under cause #68000, the Taking a Motor Vehicle conviction, the defendant was sentenced on September 13, 1974 to the Department of Corrections concurrent with #66247. On March 17, 1976 he was paroled. On January 21, 1980, his parole was revoked. On March 20, 1981, he was paroled.

### VI.

Under cause #69244, the Grand Larceny conviction, on October 23, 1974 the defendant was given a deferred sentence. On July 29, 1977, his deferred sentence was revoked and a suspended sentence imposed to run concurrent with #80128. On March 20, 1981, the suspended sentence was revoked and he was sentenced to a term in the Department of Corrections to run concurrent with #80128. On July 7, 1983 he was paroled. On May 14, 1984 his parole was revoked. On June 13, 1986 he was paroled again.

### VII.

Under cause #80128, the Taking a Motor Vehicle conviction, the defendant received a suspended sentence on July 29, 1977 to run concurrent with cause #69244. On March 20, 1981 his suspended sentence was revoked and he was sentenced to the Department of Corrections; this sentence to run concurrent with cause #69244. On July 7, 1983 he was paroled. On May 14, 1984 his parole was revoked and he was sent back to the Department of Corrections. On June 13, 1986 he was paroled again.

### VIII.

The court determines the defendant has an offender score of 4. This score is calculated scoring each of the above-mentioned prior convictions as one point respectively.

### IX.

On March 20, 1981, the defendant was paroled under #66247 and #68000. That same day he was sentenced to prison under #69244 and #80128. On July 17, 1983 he was paroled under #69244 and #80128. On May 14, 1984 his parole was revoked under #69244 and #80128 and he was not released again on parole until June 13, 1986.

### X.

Incarceration in prison under #69244 and #80128 which began on March 20, 1981 interrupted the 5 year washout period on #66247 and 68000. Additionally the revocation of the defendant's parole on #69244 and #80128 interrupted the 5 year washout period on #66247 and #68000.

## XI.

After the defendant was paroled on March 20, 1981 on #66247 and #68000 he spent over 4 years in prison pursuant to his felony convictions in #69244 and #80128 prior to his final release date of June 13, 1986; therefore the defendant did not spend 5 consecutive years *in the community* without being convicted of any felonies since his last release from confinement.

## XII.

Since the defendant's release from confinement pursuant to a felony conviction on June 13, 1986, the defendant has not served five consecutive years in the community without being convicted of a felony since he was convicted of this offense on October 3, 1988.

Based on these findings, the trial court entered conclusions of law:

## I.

Cause # 66247 and 68000 do not wash out pursuant to RCW 9.94A.360(2). Consequently they are considered prior convictions for purposes of his scored criminal history.

## II.

Cause #s 66247 and 68000 are considered separate convictions based on *State v. Chavez*, 52 Wn. App. 796, 764 P.2d 659 (1988).

## III.

The defendant has an offender score of 4 and a standard range of 31-41 months.

RCW 9.94A.360(2) provides in pertinent part:

Class C prior felony convictions shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.[1]

Smith assigns error to findings of fact 8, 10, 11 and 12 and conclusions of law 1 and 3. He challenges the trial court's conclusion that his prior convictions on causes 66247 and 68000 did not wash out. He does not challenge the trial court's conclusion that his prior convictions on causes 69244 and 80128 did not wash out.

---

[1] The current version of RCW 9.94A.360(2) specifically excludes sex offenses from those class C felonies which are subject to the washout provision. Laws of 1990, ch. 3, § 103.

Smith contends that the washout period is interrupted only by confinement pursuant to the *specific* felony in question. The State contends that the washout period is interrupted by confinement pursuant to *any* felony.

Both Smith and the State cite *State v. Blair*, 57 Wn. App. 512, 789 P.2d 104 (1990). In *Blair*, the court addressed the issue of whether incarceration for a probation violation constitutes confinement pursuant to a felony conviction within the meaning of RCW 9.94A.360(2). The defendant in *Blair* was convicted and sentenced on two counts of burglary in the second degree and one count of taking and riding a motor vehicle without permission. Blair had two prior convictions for taking and riding, a 1981 class C felony from Washington and a 1982 misdemeanor from California.[2] Both convictions resulted from Blair's taking a vehicle in California and driving it to Washington. Blair was sentenced to probation on both convictions. On two occasions Blair was found to have violated his probation on the Washington conviction, and he twice served 90-day jail terms for the violations. The trial court determined that both of Blair's prior convictions washed out under RCW 9.94A.360(2) and determined that Blair's offender score was 3, not 5.

The court reversed, holding that "confinement pursuant to a felony conviction" includes confinement due to a probation violation. The court concluded that this result was compelled by the plain language of the statute and was consistent with the purposes of the Sentencing Reform Act of 1981 (SRA). *State v. Blair, supra* at 515-16.[3]

■ " 'Statutes are to be construed as a whole, giving effect to all of the language used, considering all provisions in

---

[2]The trial court determined that the California misdemeanor was equivalent to a Washington class C felony. No appeal was taken from that ruling.

[3]The court also relied upon *State v. Perencevic*, 54 Wn. App. 585, 589, 774 P.2d 558, *review denied*, 113 Wn.2d 1017 (1989), in which the court, in interpreting the first degree escape statute, RCW 9A.76.110(1), held that confinement for a community supervision violation was "confinement 'pursuant to a conviction of a felony'." *State v. Blair, supra* at 515.

relation to each other and harmonizing them all whenever possible.' " *In re Caley,* 56 Wn. App. 853, 857, 785 P.2d 1151 (1990). Statutes will not be interpreted in a manner which leads to absurd results. *State v. Allyn,* 63 Wn. App. 592, 599-600, 821 P.2d 528 (1991), *review denied,* 118 Wn.2d 1029 (1992); *State v. Becker,* 59 Wn. App. 848, 854, 801 P.2d 1015 (1990).

■ The pertinent part of former RCW 9.94A.360(2) provides:

> Class C prior felony convictions shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, . . . the offender had spent five consecutive years in the community without being convicted of any felonies.

This language is clear on its face. Smith's interpretation of the statute, that the washout period is interrupted only by confinement pursuant to the specific felony in question, requires adding language which is not there and ignores the language "in the community". To hold that his convictions on causes 66247 and 68000 wash out because *on those convictions* he was crime free for 5 years flies in the face of the clear language of the statute. The statute requires that for a prior conviction to wash out, an offender must spend 5 consecutive felony-free years in the community.

Smith's interpretation also would lead to absurd results. Smith was paroled on causes 66247 and 68000 on March 20, 1981. On the same date, his parole was revoked on causes 69244 and 80128. Smith was finally paroled on these latter convictions on June 13, 1986. He was convicted of the current offense on October 3, 1988. Smith spent less than 1½ years in the community before he committed the current felony. Using Smith's analysis, he would have the same offender score as an individual who spent 5 years in the community free of felony convictions before committing a new felony. This result would not further the goals of the SRA to promote respect for the law or provide just punishment. *State v. Blair, supra* at 516.

Smith's concern that a misdemeanor sentence or time spent pretrial on a charge for which the defendant was eventually acquitted would interrupt the washout period is not well taken. Under the clear language of the statute the washout period is interrupted not for any reason, but only for time spent in confinement pursuant to a felony conviction.

The trial court did not err in determining that Smith's prior convictions in causes 66247 and 68000 did not wash out and in determining that his offender score was 4.

Affirmed.