[No. 22099-1-III. Division Three. March 9, 2004.]

*In the Matter of the Personal Restraint of* WILLIAM JOSEPH NICHOLS, *Petitioner.*

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

---

KURTZ, J. — William Joseph Nichols seeks relief from personal restraint imposed for his 2001 Spokane County conviction upon plea of guilty to two counts of delivery of a controlled substance—marijuana. The question is whether incarceration for misdemeanor convictions interrupts the class C felony wash-out provision of former RCW 9.94A.360 (2) (1990) for offenders who spent five consecutive years in the community without being convicted of any felonies. We answer "no," vacate the judgment, and remand Mr. Nichols's case for resentencing to exclude three previously washed-out class C felony convictions from his offender score.

## FACTS

Mr. Nichols committed the current drug crimes on June 29 and October 13, 1999. When he was sentenced for these crimes in 2001, the court counted the following six prior felony convictions as one point each in his offender score: 1982 first degree robbery (class A), 1985 third degree assault (class C), two 1986 second degree burglaries (class B), 1987 failure to return to work release (class C), and 1989 possession of a controlled substance (class C). The court also counted the other current controlled substance delivery as three points, for a total offender score of nine. The court imposed concurrent low-end 51-month sentences.

It is undisputed that Mr. Nichols was released from confinement for the 1989 drug conviction on December 6, 1989, and that more than five years elapsed before his next felony conviction—the current drug crimes. Meanwhile,

however, he spent 20 days jail time for 1992 and 1993 misdemeanor convictions for driving while under the influence and driving while license suspended.

Apparently due to the misdemeanor convictions, the 2001 sentencing court applied the version of former RCW 9.94A.360(2) (now *recodified as* RCW 9.94A.525(2)) that was in effect in 1999 when Mr. Nichols committed the current crimes, which provided:

> Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, *the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.*

(Emphasis added); *see* LAWS OF 1995, ch. 316 § 1 (effective July 23, 1995).

Mr. Nichols filed this petition for resentencing in 2003.[1] He claimed that under *State v. Smith*, 144 Wn.2d 665, 670-71, 30 P.3d 1245, 39 P.3d 294 (2001) and *State v. Cruz*, 139 Wn.2d 186, 985 P.2d 384 (1999), his five consecutive felony-free years following release from felony confinement on December 6, 1989, vested him with a washout of his three class C felony convictions prior to a 1995 amendment to former RCW 9.94A.360(2). Prior to that amendment, the statute provided:

> Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.

Former RCW 9.94A.360(2) (1990); *see* LAWS OF 1990, ch. 3, § 706 (effective June 7, 1990).

---

[1] Mr. Nichols initially filed the petition in superior court as a CrR 7.8 motion to amend his sentence. The superior court transferred the matter to this court for consideration as a personal restraint petition. *See* CrR 7.8(c)(2).

## ANALYSIS

We note at the outset that the State initially filed a motion to dismiss Mr. Nichols's petition as time barred because he filed it beyond the RCW 10.73.090(1) one-year time limit for collaterally attacking a judgment and sentence. We reject that motion and review the petition because Mr. Nichols's claim invokes consideration of the illegal sentence exception to the time bar. RCW 10.73.100(5); *see In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 869, 50 P.3d 618 (2002).

On the merits, Mr. Nichols contends that under the 1990 version of former RCW 9.94A.360(2), his jail time for 1992 and 1993 misdemeanor convictions did not interrupt the five-year wash-out period for his class C felonies. Therefore, under *Smith*, 144 Wn.2d 665; *Cruz*, 139 Wn.2d 186; and *State v. Hern*, 111 Wn. App. 649, 656, 45 P.3d 1116 (2002), his class C felony convictions were vested as washed out from the offender score on December 6, 1994—prior to the 1995 amendment. Mr. Nichols reasons that the language "since the last date of release from confinement . . . pursuant to a felony conviction" expresses clear legislative intent that nonfelony convictions do not trigger a new start date for the five-year wash-out period because insertion of just the word "felony" implies exclusion of misdemeanors. *In re Det. of Williams*, 147 Wn.2d 476, 491, 55 P.3d 597 (2002) (to express one thing in a statute implies exclusion of the other). Moreover, the legislature plainly did not require a defendant to be "free" in the community for five years—just "in the community." His misdemeanor convictions did not preclude his meeting that standard.

The State contends the only reasonable reading of the statute is that washout applies to persons who were not incarcerated for five years and did not commit any felonies. Jail time for a misdemeanor conviction must interrupt the wash-out period because it is not time spent "in the community." The legislature would not have included the

phrase "in the community" had it simply intended that five years pass without a felony conviction. A contrary interpretation renders that phrase meaningless. Since Mr. Nichols's misdemeanor convictions and jail time interrupted his five-year wash-out period, the court was correct in sentencing him under the 1995 amended version of former RCW 9.94A.360(2). *State v. Perry*, 110 Wn. App. 554, 560, 42 P.3d 436 (2002). We disagree with the State.

The genesis of Mr. Nichols's claim is *Cruz*, 139 Wn.2d 186, which addressed whether previously washed-out sex offenses could be revived by a 1990 amendment to former RCW 9.94A.360 eliminating those offenses from wash-out eligibility. The court held that the amendment was not retroactive. *Cruz*, 139 Wn.2d at 190. In 2000, the legislature responded to *Cruz* by enacting RCW 9.94A.345, which states: "Any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." Laws of 2000, ch. 26, § 2. The legislature included a statement in the statutory note that its intent was to cure any ambiguity that might have led to the *Cruz* decision. RCW 9.94A.345.

In *Smith*, 144 Wn.2d 665, the court relied on *Cruz* to hold that neither a 1997 nor a 2000 amendment was retroactive so as to revive previously washed-out juvenile adjudications. *Id.* at 672-75. The court in *Smith* explained that the 2000 amendment and its comment evinced no clear legislative intent for the 1997 amendment to apply retroactively. *Id.* at 672. Thus, the court held that the defendants' prior juvenile adjudications for pre-1997 offenses remained washed out. *Id.* at 674-75.

■ Most pertinent to Mr. Nichols's case is *Hern*, 111 Wn. App. 649, in which this court applied the *Cruz/Smith* rationale to hold that "[e]xcept for the 2000 amendment, the [Sentencing Reform Act of 1981, chapter 9.94A RCW] contains no language showing the Legislature intended the 1995 amendment [to former RCW 9.94A.360(2)] to apply retroactively." *Hern*, 111 Wn. App. at 656. Thus, in *Hern*, a 1980 conviction that washed out three months before the

effective date of the 1995 amendment could not be revived for offender score purposes. *Id.*

*Cruz, Smith,* and *Hern* thus stand for the proposition that once a washout is vested, the convictions cannot be resurrected for offender score purposes by subsequent statutory amendment. In *Perry,* however, this court held that a defendant remains subject to legislative changes in scoring rules prior to wash-out vesting. *Perry,* 110 Wn. App. at 560.

The State's position, therefore, is that *Perry,* and not *Cruz/Smith/Hern,* controls because Mr. Nichols was never vested with a washout prior to the 1995 amendment due to 1993 misdemeanor jail time taking him out of the community. According to Mr. Nichols, he became vested with a washout of his three class C felonies under *Cruz/Smith/-Hern* on December 9, 1994—after five felony-free years.

 Interpretation of a statute is a question of law reviewed de novo. *See State v. Bright,* 129 Wn.2d 257, 265, 916 P.2d 922 (1996). The court's paramount duty in statutory interpretation is to give effect to the legislature's intent. *State v. Elgin,* 118 Wn.2d 551, 555, 825 P.2d 314 (1992). Statutory terms are given their plain and ordinary meaning. *Bright,* 129 Wn.2d at 265. We give effect to every word in a statute and will not adopt an interpretation that renders words useless, superfluous, or ineffectual. *City of Seattle v. State,* 136 Wn.2d 693, 698, 965 P.2d 619 (1998). When the statute is plain and unambiguous, we derive its meaning and the legislature's intent from its language. *See, e.g., In re Parentage of J.H.,* 112 Wn. App. 486, 498, 49 P.3d 154 (2002), *review denied,* 148 Wn.2d 1024 (2003).

Reduced to the language relevant here, former RCW 9.94A.360(2) states:

> Class C prior felony convictions . . . shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, . . . *the offender had spent five consecutive years in the community without being convicted of any felonies.*

(Emphasis added.)

As the State also contends, the nonitalicized portion plainly "triggers" or "times" the start of the five-year felony wash-out period. That language does not modify the italicized clause, which is plainly a "continuity/interruption" provision. Misdemeanors are not relevant to the "trigger" clause because it is only felony convictions that are subject to wash out.

■ But because Mr. Nichols committed no new felonies within five years of his last release for felony incarceration, the focus turns to the meaning of the undefined clause "in the community." The ordinary and usual meaning of community is: "A neighborhood, vicinity, or locality." BLACK'S LAW DICTIONARY 273 (7th ed. 1999). A community is also "a body of individuals organized into a unit or manifesting usu. with awareness some unifying trait: a: State, Commonwealth b: the people living in a particular place or region and usu. linked by common interests; *broadly*: the region itself: any population cluster . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 460 (1993).

■ Applying these definitions, Mr. Nichols is correct that a person's freedom from the local jail or similar confinement unrelated to a felony is not a requisite to being "in the community." Thus, the statute's continuity/interruption clause plainly means that class C felonies will wash out so long as a person spends five consecutive years free of felony convictions following the start of the trigger period. The "in the community" language is not rendered superfluous. Instead, it refers to the defendant's status because of the trigger event. In other words, an offender is not "in the community" if not released from felony confinement. And "in the community" status ceases when interrupted within five years by a felony conviction.

This analysis finds support in the holding and additional dicta in *State v. Smith*, 65 Wn. App. 887, 830 P.2d 379 (1992). In *Smith*, the defendant contended the former RCW 9.94A.360(2) wash-out period could be interrupted only by confinement pursuant to the specific felony in question. The State contended, and the court agreed, that the wash-out

period is interrupted by confinement pursuant to any felony. *Smith*, 65 Wn. App. at 891-92. The court held the statute plainly requires that for a prior conviction to wash out, an offender must spend five consecutive felony-free years in the community. *Id.* at 892. The court further commented:

> Smith's concern that a misdemeanor sentence or time spent pretrial on a charge for which the defendant was eventually acquitted would interrupt the washout period is not well taken. Under the clear language of the statute the washout period is interrupted not for any reason, but only for time spent in confinement pursuant to a felony conviction.[2]

*Id.* at 893.

The same reasoning applies to Mr. Nichols's case. Taking the State's argument to its logical extreme, Mr. Nichols would be "out of the community" and the wash-out period interrupted for any arrest and detention. The statute plainly requires more—a felony conviction.

And because Mr. Nichols spent five consecutive years without a felony conviction between his 1989 felony confinement release date and the effective date of the 1995 amendment to former RCW 9.94A.360(2), he was vested under the *Cruz / Smith / Hern* rationale with a washout of his 1985, 1987, and 1989 class C felonies. *Perry* and the 1995 amended version of the statute do not apply to Mr. Nichols.

The personal restraint petition is granted to the extent that the judgment is vacated and the matter remanded for resentencing without counting the three class C felonies in Mr. Nichols's offender score.

BROWN, C.J., and SCHULTHEIS, J, concur.

---

[2] A felony conviction with no confinement would also plainly interrupt the wash-out period.