[No. 60474-1-I.   Division One.   April 13, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES L. ERVIN, *Appellant*.

*Maureen M. Cyr* (of *Washington Appellate Project)*, for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Daniel Kalish, Deputy*, for respondent.

¶1 GROSSE, J. — A defendant incarcerated for violating his misdemeanor probation is not considered "in the community" for purposes of the wash out provisions of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Here, the defendant violated probation during the five-year period that he was crime free. We hold that his confinement for that violation removed him from the community and precluded his prior felony convictions from washing out. The trial court is affirmed.

## FACTS

¶2 A jury convicted James Ervin of a felony violation of a no contact order stemming from an incident in June 2006. Ervin had two previous felony convictions: second degree possession of stolen property and first degree rendering criminal assistance, committed on January 27, 1991 and March 31, 1994, respectively. Ervin was released from confinement for the 1994 offense in October of that same year. Before a full five years had elapsed, on April 15, 1999, Ervin committed the misdemeanor offense of domestic violence criminal trespass, for which he received a suspended sentence and probation. In 2002, he violated his probation and was sentenced to 25 days' incarceration. Three years later, on July 28, 2005, he committed fourth degree assault, a misdemeanor. In sentencing on the current 2006 felony conviction, the trial court calculated Ervin's offender score as a 3, a figure arrived at by counting the two prior felony convictions. Ervin appeals, contesting only his offender score.

## ANALYSIS

¶3 Ervin challenges the inclusion of the two prior felony convictions in his criminal history arguing that the prior

convictions washed out because he spent five years in the community, from 1999 to 2005, without committing a crime. The State argues that although Ervin did not commit a crime within five years, his confinement for the probation violation in 2002 interrupted his time "in the community." RCW 9.94A.525(2)(c) provides:

> Except as provided in (e) of this subsection, class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender *had spent five consecutive years in the community* without committing any crime that subsequently results in a conviction.[1]

Ervin argues that confinement for a misdemeanor probation violation does not remove him from the community. He relies on *In re Personal Restraint of Nichols*, which held that time spent in the community did not include time spent incarcerated for misdemeanors.[2] But this decision was rendered under a prior statute, which has subsequently been amended.[3] The current statute requires that one not commit any crime (felony or misdemeanor) during the five-year wash out period.[4] The prior version required spending five years in the community without committing any felony.[5] Case law interpreting that prior statute recognized that probation violation for felonies removed the

---

[1] (Emphasis added.)

[2] 120 Wn. App. 425, 85 P.3d 955 (2004).

[3] Former RCW 9.94A.360(2), *amended by* Laws of 1990, ch. 3, § 706, *recodified as* RCW 9.94A.525(2) (Laws of 2001, ch. 10, § 6).

[4] RCW 9.94A.525(2).

[5] Former RCW 9.94A.360(2) provided:

Class C prior felony convictions . . . shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, . . . the offender had spent five consecutive years in the community without being convicted of any felonies.

person from the community.[6] This court in *State v. Blair* held that incarceration pursuant to a probation violation of a felony interrupted the five-year wash out period for a class C felony.[7] There the court reasoned that the probation was intertwined with the original conviction and thus there was "no reason to disassociate the probation confinement from its underlying cause."[8] Since the statute as amended prevents a wash out of a class C felony for a misdemeanor, it follows that incarceration for a probation violation of that misdemeanor interrupts the wash out period as well.

¶4 The term "community" is not defined in the statute. Our paramount duty is to give effect to legislative intent when construing statutes. To fulfill the legislature's intent we must construe the statute as a whole, giving effect to all of its language, considering the provisions in relation to each other, and harmonizing them whenever possible.[9] Thus, we look at the SRA's sentencing scheme as a whole and examine the other sections where the term "community" is found. When we do so, it becomes clear that the legislature intended that incarcerations for misdemeanor probation violation count in assessing whether a defendant's prior felony convictions are washed out. For example, the legislature illustrated the distinction between "in confinement" and "in the community":

> An offender's failure to inform the department of court-ordered treatment upon request by the department is a violation of the conditions of supervision if the offender is *in the community* and an infraction if the offender *is in confinement*, and the violation or infraction is subject to sanctions.[10]

---

[6] *State v. Blair*, 57 Wn. App. 512, 789 P.2d 104 (1990).

[7] 57 Wn. App. 512, 517, 789 P.2d 104 (1990).

[8] *Blair*, 57 Wn. App. at 515-16.

[9] *In re Pers. Restraint of Dalluge*, 162 Wn.2d 814, 818, 177 P.3d 675 (2008); *State v. Smith*, 65 Wn. App. 887, 892, 830 P.2d 379 (1992).

[10] RCW 9.94A.723 (emphasis added).

Likewise, other sections of the SRA suggest that if one is in custody, one is not "in the community."[11] And further, the underlying purpose of the SRA is to "[r]educe the risk of reoffending by offenders in the community."[12] It is clear throughout the SRA that persons who are restrained in confinement pursuant to a conviction are not "in the community." Indeed, Washington courts have recognized a distinction between those offenders who are "out in the community, not behind locked bars."[13] "Community placement occurs in addition to the period of confinement, while probation and parole occur in lieu of confinement."[14]

¶5 We find that when one reads the statute naturally, the conclusion is inescapable that the legislature necessarily intended to exclude those who are incarcerated pursuant to a probation violation from being considered "in the community" under this statute. Thus, an offender, such as Ervin, in misdemeanor confinement does not fall within the wash out parameters set forth by the legislature.

¶6 We affirm the judgment and sentence.

SCHINDLER, C.J., and APPELWICK, J., concur.

Review granted at 167 Wn.2d 1001 (2009).

---

[11] RCW 9.94A.030(5); *State v. Riles*, 135 Wn.2d 326, 334, 957 P.2d 655 (1998).

[12] RCW 9.94A.010(7).

[13] *State v. Ammons*, 136 Wn.2d 453, 465, 963 P.2d 812 (1998).

[14] *State v. Ross*, 129 Wn.2d 279, 286, 916 P.2d 405 (1996).