**FILED**
**APRIL 26, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  33341-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| STEVEN MARTIN THIBERT, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — We granted discretionary review to construe provisions of the

rules of the road, chapter 46.61 RCW, to determine when a driver may travel

continuously in the left lane of a multilane roadway without thereby committing a traffic

infraction.

The State construes RCW 46.61.100 to provide that driving continuously in the

left lane is a traffic infraction except in four circumstances, all transient, identified in

RCW 46.61.100(2). Additionally, even when one of the four circumstances exist, the State construes the rules as making it an infraction to travel in the left lane if it will impede the flow of traffic. Steven Thibert argues that traveling continuously in the left lane is a traffic infraction *only* when it impedes the flow of traffic.

The State's construction of relevant, unambiguous provisions of chapter 46.61 RCW is correct. Since Mr. Thibert was stopped lawfully for traveling continuously in the left lane, his marijuana DUI[1] conviction following a stipulated facts trial is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

Deputy Justin Gerry was on routine patrol one morning in July 2013 on westbound Interstate 82 in Benton County. He observed a silver Chevrolet Impala in the left lane pass a vehicle in the right lane, traveling faster than the posted 70 miles per hour speed limit. The Impala continued to travel in the left lane long after passing the vehicle in the right lane, even though no other vehicles were traveling in the unobstructed right lane. The deputy initiated a traffic stop not for the car's speed, but for a violation of RCW 46.61.100(2), captioned "Keep right except when passing, etc."

On approaching the vehicle, which was being driven by Mr. Thibert, Deputy Gerry smelled the odor of fresh marijuana. What looked like a smoking device was hanging from Mr. Thibert's neck. Mr. Thibert told the deputy he was a medical

---

[1] Driving under the influence, RCW 46.61.502.

2

marijuana patient and used the smoking device to smoke marijuana oil. Deputy Gerry

noted that Mr. Thibert had difficulty finishing his sentences and that he "would

sometimes stop speaking and just giggle." Clerk's Papers (CP) at 34.

Mr. Thibert agreed to perform field sobriety tests. Based on Mr. Thibert's

performance, Deputy Gerry concluded he was under the influence of marijuana and could

not safely operate a motor vehicle. He placed Mr. Thibert under arrest and transported

him to the hospital for a blood draw. THC[2] was present in Mr. Thibert's blood at 55

nanograms. He was charged with driving a motor vehicle while under the influence of

marijuana.

Mr. Thibert moved on multiple grounds to suppress evidence obtained as a result

of the traffic stop and events that followed. The district court denied the motion. It

found among other facts that Mr. Thibert's "remaining in the left lane, when one could

lawfully and safely return to the right lane[,] is an infraction and provided Deputy Gerry

[probable cause] to stop." CP at 42. The parties agreed to submit the case to the court

for a determination of guilt on stipulated facts. The district court found Mr. Thibert

guilty.

---

[2] Tetrahydrocannabinol.

Mr. Thibert appealed to the Benton County Superior Court, which affirmed the judgment, dismissed the appeal, and remanded the matter to the district court for sentencing.

Mr. Thibert then sought discretionary review from this court. Discretionary review was granted by our commissioner on the issue of whether Mr. Thibert was stopped unlawfully because the fact that he drove in the left lane, without impeding traffic, did not establish reasonable suspicion for the stop. *See* Comm'r's Ruling, No. 33341-8-III (Wash. Ct. App. Apr. 12, 2017) at 1-2 & n.1.

ANALYSIS

A reasonable articulable suspicion of a traffic infraction, like a reasonable articulable suspicion of criminal activity, will support a warrantless traffic stop under article I, section 7 of the Washington Constitution. *State v. Arreola*, 176 Wn.2d 284, 292-93, 290 P.3d 983 (2012). At issue is whether RCW 46.61.100(2), on which Deputy Gerry relied in stopping Mr. Thibert, creates a traffic infraction. Mr. Thibert's argument proceeds from the theory that RCW 46.61.100 has one subsection, subsection (2), that addresses the "primary use" of the left lane of a multilane roadway and a different subsection, subsection (4), that identifies the only circumstance when traveling in the left lane is an infraction.

We review statutory interpretation questions de novo. *In re Det. of Williams*, 147 Wn.2d 476, 486, 55 P.3d 597 (2002). "The court's paramount duty in statutory

4

interpretation is to give effect to the legislature's intent." *In re Pers. Restraint of Nichols*, 120 Wn. App. 425, 431, 85 P.3d 955 (2004). The surest indication of legislative intent is the language enacted by the legislature, so if the meaning of a statute is plain on its face, this court "'give[s] effect to that plain meaning.'" *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). Only if the statute is susceptible to more than one reasonable interpretation is it deemed ambiguous, in which case this court "may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent." *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

Subsection (2) of RCW 46.61.100, which Mr. Williams contends addresses only the "primary use" of the left lane of a multilane highway, states:

> Upon all roadways having two or more lanes for traffic moving in the same direction, all vehicles shall be driven in the right-hand lane then available for traffic, except (a) when overtaking and passing another vehicle proceeding in the same direction, (b) when traveling at a speed greater than the traffic flow, (c) when moving left to allow traffic to merge, or (d) when preparing for a left turn at an intersection, exit, or into a private road or driveway when such left turn is legally permitted.

Subsection (4), which he contends identifies the only infraction arising from driving in the left lane, provides:

> It is a traffic infraction to drive continuously in the left lane of a multilane roadway when it impedes the flow of other traffic.

RCW 46.61.100(4).

5

There is a lack of parallelism in the two subsections that would support an argument that they are addressed to distinct matters were it not for RCW 46.63.020, which provides in relevant part that "[f]ailure to perform any act required or the performance of any act prohibited by this title . . . is designated as a traffic infraction . . . ."

Plainly read, RCW 46.63.020 and 46.61.100 make it a traffic infraction to travel in the left lane in the four circumstances identified by RCW 46.61.100(2). The word "shall" in subsection (2) ("all vehicles *shall* be driven in the right-hand lane then available for traffic, except . . .") "is presumptively imperative and operates to create a duty." *Hook v. Lincoln County Noxious Weed Control Bd.*, 166 Wn. App. 145, 159, 269 P.3d 1056 (2012).

Mr. Thibert nonetheless argues that we should circumscribe RCW 46.63.020's directive that "any" failure to act as required by Title 46 is designated as a traffic infraction, in light of its context and the statute's history. He contends that the objective of the statute's adoption and other statutory changes made in 1979 was to decriminalize the traffic code and lessen the risk of minor offenses being used for pretextual arrests. *State v. Chrisman*, 100 Wn.2d 814, 819, 676 P.2d 419 (1984); *State v. Reding*, 119 Wn.2d 685, 688, 835 P.2d 1019 (1992) (citing LAWS OF 1979, 1st Ex. Sess., ch. 136, § 2, *codified as* RCW 46.63.020). Based on that history, he suggests our focus should be on

6

the fact that RCW 46.63.020 identifies dozens of provisions of Title 46 that may be classified as a criminal offense and on its language highlighted below:

> Failure to perform any act required or the performance of any act prohibited by this title . . . is designated as a traffic infraction *and may not be classified as a criminal offense, except for an offense contained in the following provisions of this title or a violation of an equivalent administrative regulation or local law, ordinance, regulation, or resolution:*

RCW 46.63.020 (emphasis added).  According to Mr. Thibert, the 1979 changes were intended "to protect an individual against minor offenses being used by the police to make pretextual arrests . . . [not] to make every statute contained in Title 46 not designated as a crime to be considered a violation."  Br. of Appellant at 12-13.

We do not resort to legislative history where RCW 46.63.020 and RCW 46.61.100(2), read together, have a meaning that is clear, however.  Even if we did, a primary intention to decriminalize much of the traffic code is not inconsistent with an intention to clarify the status of noncriminal violations of the traffic code as traffic infractions at the same time.

We also disagree with Mr. Thibert's contention that if each of subsections (2) and (4) of RCW 46.61.100 identify traffic infractions, then they are irreconcilable or cancel each other out.  The subsections are reconcilable.  An individual is permitted to drive in the left lane when one of the transient exceptions identified in subsection (2) applies, unless the transient exceptions arise so frequently that the individual's continuing travel

7

No. 33341-8-III
*State v. Thibert*

in the left lane is impeding traffic. Because the conduct that is forbidden by the statute can be understood by ordinary people, we also reject Mr. Thibert's passing argument that the statute is void for vagueness.

Affirmed.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

8