IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36331-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRENDA RUTH THORNTON, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — A Klickitat County jury convicted Brenda Ruth Thornton of two counts of felony bail jumping. At sentencing, Ms. Thornton did not acknowledge her prior criminal history, and the State did not present evidence of that history for purposes of calculating "wash out." Because Ms. Thornton's offender score was neither acknowledged, nor proved, we remand to make that determination.

FACTS

At the time of sentencing in this case, Ms. Thornton's criminal history consisted of six prior felony convictions. Most of these convictions were for class C felonies. The most recent felony conviction occurred on June 15, 2007. Ms. Thornton's current offenses occurred on or about July 7, 2014, and May 18, 2015.

At sentencing, the State alleged Ms. Thornton's criminal history did not "wash out" despite more than five years without a felony conviction because she spent one day in jail on March 21, 2014, on a felony probation violation. The State also alleged that she had not spent five years crime free in the community, based on a March 31, 2011 misdemeanor conviction, which would have interrupted her five year "wash out" period.

Ms. Thornton's counsel did not stipulate to the offender score, but neither did her counsel make an argument to the contrary. In fact, Ms. Thornton's counsel argued for a prison-based drug offender sentencing alternative using the same sentencing range calculated by the State.

In addressing the mandatory legal financial obligations, the State agreed that Ms. Thornton was indigent. However, the State requested the court impose the $100 DNA[1] collection fee because "we weren't sure . . . whether or not DNA had been collected." Verbatim Report of Proceedings at 131. Neither Ms. Thornton nor her attorney made any statements concerning the appropriateness of imposing the DNA collection fee.

Following sentencing, Ms. Thornton timely appealed to this court.

---

[1] Deoxyribonucleic acid.

ANALYSIS

On appeal, Ms. Thornton raises two issues. The first issue is whether remand is appropriate to recalculate Ms. Thornton's offender score. The second is whether the trial court erred in imposing the $100 DNA collection fee.

"A court's calculation of an offender score is reviewed de novo." *State v. Larkins*, 147 Wn. App. 858, 862, 199 P.3d 441 (2008). Although Ms. Thornton did not challenge her offender score calculation below, case law permits her to raise the issue for the first time on appeal. *State v. Rowland*, 97 Wn. App. 301, 304, 983 P.2d 696 (1999).

Ms. Thornton argues remand is appropriate because this court's recent ruling in *State v. Schwartz* applies to her offender score. 6 Wn. App. 2d 151, 429 P.3d 1080 (2018).[2] In *Schwartz*, we held that time spent in custody on a probation violation for failure to pay costs does not interrupt the "wash out" period for felonies.[3] Because *Schwartz* had not been published at the time of Ms. Thornton's sentencing, and because her case was not final at the time of its publication, she argues that she should have the opportunity to be sentenced in accordance with that opinion.

The State acknowledges that the felony probation violation at issue here was for failure to pay and is thus controlled by *Schwartz*. But, the State also notes that *Schwartz*

---

[2] We note that *Schwartz* is currently under review by the Washington State Supreme Court. 192 Wn.2d 1023, 435 P.3d 287 (2019).

[3] Normally, time spent in custody on a felony probation violation would reset the felony "wash out" period. *State v. Smith*, 65 Wn. App. 887, 892, 830 P.2d 379 (1992).

and the probation violation are not necessary for calculating Ms. Thornton's offender score because her offender score remains the same due to her March 31, 2011 misdemeanor conviction. Because Ms. Thornton did not acknowledge this misdemeanor criminal history and because the State did not prove it at sentencing, remand is still appropriate to determine Ms. Thornton's offender score. Upon remand, both parties shall have the opportunity to present evidence of Ms. Thornton's criminal history. RCW 9.94A.530(2); *State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014).

With respect to the DNA collection fee, Ms. Thornton refers this court to *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018) and asks us to strike the fee. In light of the fact that this case must be remanded for resentencing, we do not address whether the DNA fee should be re-imposed upon resentencing other than to direct the parties to *State v. Thibodeaux*, 6 Wn. App. 2d 223, 230, 430 P.3d 700 (2018), *review denied*, 192 Wn.2d 1029 (2019).

We also note that this appeal, and subsequent resentencing, could have been avoided had the State asked Ms. Thornton to acknowledge her in-state history or provided the sentencing court with the certified criminal history that it says it provided to defense counsel as a part of discovery. *State v. Cross*, 156 Wn. App. 568, 586-87, 234 P.3d 288 (2010) ("We hold that for purposes of applying the Sentencing Reform Act of 1981's (SRA), ch. 9.94A RCW, wash-out provisions, a DISCIS [District Court Information System] printout, which is a document generated using the Judicial

4

No. 36331-7-III
*State v. Thornton*

Information System (JIS), satisfies the State's burden of proving prior misdemeanor convictions by a preponderance of the evidence.").

CONCLUSION

The case is remanded to superior court for resentencing in accordance with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

5