[No. 22270-5-III.   Division Three.   February 12, 2004.]

*In the Matter of the Personal Restraint of* RICHARD BLAKE
HIGGINS.

*Janet G. Gemberling*, for petitioner.

*Gary A. Riesen, Prosecuting Attorney*, and *James A. Hershey, Deputy*, for respondent.

BROWN, C.J. — An offender's prior convictions affect his offender score, which the superior court uses in calculating the standard range sentence for the current offense. RCW 9.94A.360. Before the 1995 amendments to the Sentencing Reform Act of 1981, an offender's prior Class C felonies did not count in his offender score if, following release from confinement pursuant to a felony conviction, he spent five consecutive years in the community without another felony conviction. Former RCW 9.94A.360(2) (1990).

In this personal restraint petition, Richard Blake Higgins contends that confinement time he served in 1992 on community supervision violations does not interrupt the five-year wash-out period under the former statute. We disagree. The confinement time on the community supervision violations was "pursuant to" the felony convictions he now argues washed out. The five-year period therefore recommenced following his release from confinement on those violations. And, the wash-out period did not vest before the 1995 amendment to RCW 9.94A.360, which required the offender to spend five years in the community without being convicted of *any* new offenses. Mr. Higgins

was convicted of a gross misdemeanor in 1994. He has not been conviction-free for any five-year period following that conviction. Mr. Higgins' personal restraint petition is therefore dismissed.

## FACTS

On February 26, 2001, the superior court for Chelan County sentenced Richard Blake Higgins for unlawful possession of a firearm in the second degree and bail jumping. State's opening brief, Ex. H. It found his offender score was 11. The maximum offender score used for calculating the standard range for any offense is 9.

Using 9 as the offender score, Mr. Higgins' standard range for each of these offenses was 51-60 months. The court found Mr. Higgins was a drug offender who was eligible for the special drug offender sentencing alternative. It imposed concurrent sentences for the two offenses of 27.75 months confinement time and 27.75 months of community custody and supervision time.

Mr. Higgins' judgment lists the following criminal history, in reverse chronological order:

1. Possession of Methamphetamine; committed on 6/2/99; sentenced on 12/20/99.
2. Possession of Methamphetamine; committed on 10/27/97; sentenced on 9/15/98.
3. Forgery; committed on 11/22/87; sentenced on 4/11/88.
4. Forgery; committed on 3/22/88; sentenced on 8/15/88.
5. Forgery; committed on 3/22/88; sentenced on 8/15/88.
6. Forgery; committed on 3/2/88; sentenced on 8/15/88.
7. Forgery; committed on 3/22/88; sentenced on 8/15/88.
8. Forgery; committed on 3/2/88; sentenced on 6/1/88.
9. Forgery; committed on 3/6/88; sentenced on 6/1/88.
10. Burglary second degree; committed on 4/16/83; no date listed for sentence.
11. Taking a motor vehicle; committed on 12/3/83; no date listed for sentence.

12. Burglary second degree; committed on 4/12/84; no date listed for sentence.

As set forth above, the sentencing court included in Mr. Higgins' criminal history three juvenile dispositions adjudicated before he turned age 15, and six prior adult class C felony convictions for forgery.

The State concedes that the three oldest offenses listed in Mr. Higgins' criminal history are juvenile dispositions adjudicated before Mr. Higgins' 15th birthday. And, under former RCW 9.94A.360(4), they are not counted in criminal history.[1] But, the State argues that Mr. Higgins was not prejudiced because he still has an offender score of 9, the maximum under the statute, even if the three juvenile dispositions, which the court counted as one-half point each, are not counted.

The question then is whether the six forgeries, which are Class C felonies, washed out. Under the version of RCW 9.94A.360(2) in effect in 1988 when Mr. Higgins committed the forgeries,

> Class C prior felony convictions shall not be included in the offender score if, *since the last date of release* from confinement (including full-time residential treatment) *pursuant to a felony conviction*, if any, or entry of judgment and sentence, *the offender had spent five consecutive years in the community* without being convicted of any *felonies*.

(Emphasis added.)

The State relies on the fact Mr. Higgins served confinement time for violating the terms of his community supervision on the forgery convictions. It argues that the date of his release from confinement on these violations is the date of Mr. Higgins' release from confinement "pursuant to a felony conviction." Former RCW 9.94A.360(2) (1988).

---

[1] Former RCW 9.94A.360(4) provided that juvenile Class B and C felonies are counted in the offender score "only if the offender was 15 or older at the time the juvenile offense was committed and the offender was less than 23 at the time the offense for which he or she is being sentenced was committed."

The last superior court order finding Mr. Higgins in noncompliance with the terms of his community supervision on the forgery convictions was entered on May 11, 1992. Mr. Higgins was sanctioned 30 days confinement with 10 days suspended. He did not spend five consecutive years in the community, after his release from confinement on the community supervision violations, before the legislature amended RCW 9.94A.360(2) in 1995. The 1995 amendment provided that prior Class C felony convictions did not wash out until the offender spent five years in the community without being convicted of *any* new offenses, not just felonies.

## ANALYSIS

In construing a statute, the court must give effect to the legislature's intent. *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992). Division One of this court has interpreted "release from confinement pursuant to a felony conviction," as used in former RCW 9.94A.360(2), as encompassing release from confinement pursuant to community supervision violations on the subject felonies. *State v. Blair*, 57 Wn. App. 512, 789 P.2d 104 (1990). In *Blair*, the offender had a prior 1981 Class C felony conviction. He received three years probation, which he violated twice—the latest being in 1987. Subsequently, he committed the felonies that were the subject of the appeal. The court held that incarceration for a probation violation constitutes confinement pursuant to a felony conviction within the meaning of the statutory wash-out provision. The court relied upon *State v. Perencevic*, 54 Wn. App. 585, 589, 774 P.2d 558 (1989), which interpreted the escape statute and "held that confinement for a community supervision violation was confinement 'pursuant to a conviction of a felony.'" *Blair*, 57 Wn. App. at 515 (quoting *Perencevic*, 54 Wn. App. at 589).

Mr. Higgins' reliance on *State v. McDougal*, 120 Wn.2d 334, 841 P.2d 1232 (1992) is not helpful to his position. *McDougal* quoted Professor David Boerner, who observed

that there exists " 'the fundamental distinction between the conviction of a crime . . . and post-sentence proceedings . . . .' " *McDougal*, 120 Wn.2d at 347 (quoting DAVID BOERNER, SENTENCING IN WASHINGTON § 10.14, at 10-14 (1985)). Mr. Higgins extrapolates that because community supervision violations are not felony convictions, then confinement on community supervision violations is not "confinement *pursuant to* a felony conviction." We disagree.

▮▮▮ Statutory terms are given their plain and ordinary meaning. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996). "Pursuant to" means "in the course of carrying out." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1848 (1993). In short, the wash-out period, under the common and ordinary meaning of the words used in the statute, does not begin until release from any confinement ordered in the course of carrying out the sentence for the felony conviction. Since the conditions of community supervision are part of the felony sentence, confinement for violating those conditions is confinement "pursuant to" the felony conviction.

## CONCLUSION

▮▮▮ Confinement for community supervision violations is confinement "pursuant to a felony." Hence, Mr. Higgins' wash-out period did not begin until he was released from confinement on those violations in 1992. The legislature amended RCW 9.94A.360(2) in 1995, less than five years after Mr. Higgins was released from confinement on the 1992 community supervision violations. Under the 1995 amendment, misdemeanors as well as felony convictions interrupt the five-year wash-out period. Since Mr. Higgins' five-year wash-out period did not vest before the 1995 amendment, he is subject to it. *State v. Perry*, 110 Wn. App. 554, 560, 42 P.3d 436 (2002). And, his subsequent misdemeanor conviction prevented the wash out of his prior Class C felony convictions.

Mr. Higgins' personal restraint petition is dismissed.[2] Costs will not be awarded.

SWEENEY and SCHULTHEIS, JJ., concur.

---

[2] We also note that one of Mr. Higgins' current convictions was for a crime committed after the legislature passed the 2000 amendment to the Sentencing Reform Act of 1981 that stated its intent that the version of the Act in effect when the offender committed his offense is the applicable version for purposes of calculating the offender's score. Whether the amendment resurrects previously washed-out convictions is currently pending before the Supreme Court. *See State v. Varga*, No. 74375-4 (Wash. Sup. Ct. Nov. 19, 2003). Since the court agrees that Mr. Higgins' class C convictions do not wash out, even under the prior versions of the statute, it is not necessary to stay this petition pending the Supreme Court's decision in *Varga*.