

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36009-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIMON CHARLES P. CRIBBS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Simon Cribbs appeals from multiple domestic violence related convictions, primarily challenging the court's inclusion of prior Florida convictions in his offender score. We affirm.

PROCEDURAL HISTORY

Mr. Cribbs pleaded guilty to resisting arrest and two counts of fourth degree assault (domestic violence). A Ferry County jury also found him guilty of felony harassment and, as an inferior offense, an additional charge of fourth degree assault (domestic violence). Both parties filed well-written briefs concerning the existence and scoring of defendant's extensive Florida criminal history.

After hearing argument, the trial court found the existence of 12 prior Florida convictions entered between 1993 and 2013. The court calculated an offender score of 6 on the harassment conviction after determining that five of the convictions were the equivalent of misdemeanor or gross misdemeanor offenses in this state. The court also exercised its discretion to treat one Florida burglary and one grand theft as the same criminal conduct.

Using that offender score, the court imposed a prison sentence of 56 months by running some of the gross misdemeanor sentences consecutive to the standard range 29 month felony sentence. Mr. Cribbs then timely appealed to this court. A panel considered his case without hearing oral argument.

ANALYSIS

The appeal presents arguments that the court erred in its offender score calculation by including the Florida convictions that are the equivalent of class C offenses in Washington and by failing to treat two of them as the same criminal conduct. The court correctly applied the comparability and "wash out" statutes and was never asked to consider treating the two offenses as one. We address the three issues in the noted order.

*Scoring of 2003 Conviction*

Mr. Cribbs first argues that his 2003 Florida conviction for resisting with violence is only comparable to Washington misdemeanor offenses or resisting arrest or obstructing

2

a public servant. The trial court properly concluded it was equivalent to third degree assault.

When considering a conviction from another jurisdiction, Washington courts will compare the foreign offense with Washington offenses in order to properly classify the crime. RCW 9.94A.525(3). To determine comparability, we "first consider if the elements of the foreign offense are substantially similar to the Washington counterpart. If so, the inquiry ends." *State v. Sublett*, 176 Wn.2d 58, 87, 292 P.3d 715 (2012). If, however, the elements of the foreign conviction are not substantially similar, or if Washington defines the offense more narrowly than the foreign jurisdiction, it is necessary to look to the factual record of the foreign conviction to establish factual comparability. *State v. Latham*, 183 Wn. App. 390, 397, 335 P.3d 960 (2014). Offenses are factually comparable "if the defendant's conduct constituting the foreign offense, as evidenced by the undisputed facts in the foreign record, would constitute the Washington offense." *Id*. at 397-398. The State must prove factual comparability by a preponderance of the evidence. *Id.* at 398. This court conducts de novo review of a comparability ruling. *Sublett*, 176 Wn.2d at 87.

Mr. Cribbs was convicted of violating a Florida statute that provided:

Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . member of the Florida Commission on Offender Review or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized

to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree.

FLA. STAT. § 843.01.

Washington's third degree assault statute states, in relevant part:

A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:
     (a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself, herself, or another person, assaults another;

RCW 9A.36.031(1).

The two offenses are legally comparable and criminalize the use of force to resist an arrest. To the extent that the Florida statute might be broader than Washington's statute, consideration of the facts of the encounter confirm that the two are comparable. The conviction stemmed from a single incident involving three police officers attempting to arrest Mr. Cribbs. Clerk's Papers (CP) at 184. Mr. Cribbs struggled with three officers as they attempted to place him under arrest, "shouting and flailing his arms," as well as kicking at the patrol cars and the officers. CP at 184. Factually, Mr. Cribbs' actions substantially fit into Washington's third degree assault statute.

The court correctly determined that the Washington offense of third degree assault was equivalent to the Florida offense of resisting with violence. It did not err by including the conviction in the offender score.

*Scoring of Class C Equivalent Offenses*

Mr. Cribbs argues that the trial court erred in including the five class C equivalent offenses in his offender score because it counted the actual prison time served in Florida instead of the punishment Washington would have accorded the same offenses. He argues that they should have "washed out" of his offender score. The trial court correctly rejected this novel contention.

Offenses may be excluded from criminal history given good behavior and sufficient passage of time. Thus, for class C offenses, RCW 9.94A.525(2)(c) provides, in relevant part:

> class C prior felony convictions . . . shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

The 2003 convictions for battery of a law enforcement officer and resisting with violence both were considered to be the equivalent of third degree assault, a class C felony. Because his next conviction was not until 2013, Mr. Cribbs believes that all five of his equivalent Florida convictions should be excluded from his offender score. However, he did not spend sufficient time in the community to wash out the offenses.

Florida treated Mr. Cribbs as a career violent offender due to the 2003 convictions. A pair of appeals resulted in resentencing in each case. CP at 285-287. Mr. Cribbs was incarcerated until November 2009 for these offenses after serving more than seven years

5

in custody.[1]  CP at 88.  He now argues that because the Florida offenses are the

equivalent of class C offenses in Washington, this state should apply its maximum

sentence to the Florida sentences.

He presents no authority in support of this novel argument, which would change

the terms of the statute.  As noted above, the statute allows a class C offense to wash out

if the offender spends "five consecutive years in the community without committing any

crime."  The statute is cast in terms of actual time free in the community.[2]  It does not

require that foreign sentences be converted to Washington sentences and a fictitious

release date be assigned to foreign sentences that were longer than Washington's

sentence might have been.  The statute deals in actuality, not speculation.

This argument is without merit.  The trial court correctly concluded that the

equivalent class C offenses did not wash out.  Mr. Cribbs never spent five crime free

years in the community.

---

[1] The crimes were committed August 31, 2002.  He was originally sentenced to a term of 10 to 15 years, but that sentence was overturned on appeal.  Ultimately, Mr. Cribbs served a little over seven years in prison on a final sentence of 8.5 years.

[2] "Community" does not include time spent in custody.  *E.g.*, *State v. Gauthier*, 189 Wn. App. 30, 40-42, 354 P.3d 900 (2015); *In re Pers. Restraint of Higgins*, 120 Wn. App. 159, 163-164, 83 P.3d 1054 (2004).

*Scoring of 2003 Offenses*

Finally, Mr. Cribbs argues that the 2003 convictions for battery of a law enforcement officer and resisting with violence should have been treated as the same criminal conduct, thereby reducing his offender score by a point. However, he never asked the court to do so.

For past offenses committed at the same time, the current sentencing court has discretion to treat them as a single offense for the purpose of scoring the current convictions. RCW 9.94A.525(5)(a)(i). The defendant bears the burden of proving that prior crimes should be counted as the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). "Same criminal conduct" means that the offenses occurred at the same time and same place, had the same victim, and have the same criminal intent. RCW 9.94A.589(1)(a). Offenses have the same criminal intent when, viewed objectively, the intent does not change from one offense to the next. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237 (1987). "Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime." *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990).

The trial court's same criminal conduct ruling is reviewed for abuse of discretion because it involves a factual inquiry. *Graciano*, 176 Wn.2d at 535-536. Thus, "when the record supports only one conclusion on whether crimes constitute the 'same criminal

7

conduct,' a sentencing court abuses its discretion in arriving at a contrary result. But where the record adequately supports either conclusion, the matter lies in the court's discretion." *Id*. at 537-538 (citation omitted). This exception "is generally construed narrowly to disallow most claims that multiple offenses constitute the same criminal act." *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

Here, the trial court was not requested to exercise its discretion.[3] It could not have abused discretion it was never asked to exercise. Mr. Cribbs simply cannot establish error.

*Filing Fee*

The Washington Supreme Court has determined that the 2018 amendments to the legal financial obligations statutes apply retroactively to all cases on appeal. *State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018). As a result, Mr. Cribbs requests, and the State agrees, that the filing fee assessed against him be struck. We direct that the trial court strike the fee.

---

[3] On this record, it looks like the claim would have foundered on the "same victim" prong of the same criminal conduct test. There was one named victim of the battery, but three named victims (and the public at large) on the resisting charge.

Convictions affirmed and case remanded to strike the filing fee.[4]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, J.

---

[4] The court also should correct a scrivener's error in paragraph 2.2 of the judgment that includes incorrect sentencing dates for two of the 1993 offenses.