IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39874-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUDY LEE WAHCHUMWAH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Rudy Wahchumwah pleaded guilty to failure to register as a sex offender. At sentencing, the trial court added 1 point to his offender score for a 2012 federal conviction for failure to register as a sex offender over Mr. Wahchumwah's objection that the conviction had washed out.

On appeal, Mr. Wahchumwah contends the sentencing court miscalculated his offender score and that both the judgment and sentence and statement of defendant on plea of guilty contain scrivener's errors. We affirm the trial court's calculation of Mr. Wahchumwah's offender score and decline to review the alleged scrivener's errors.

BACKGROUND

In September 2022, Mr. Wahchumwah was charged with child molestation in the first degree and failure to register as a sex offender. The charges were severed, and Mr. Wahchumwah later pleaded guilty to the failure to register as a sex offender charge. For sentencing purposes, Mr. Wahchumwah's criminal history consisted of two federal convictions: a 2004 conviction comparable to Washington's crime of rape of a child in the second degree and a 2012 conviction for failure to register as a sex offender. The 2012 conviction resulted in Mr. Wahchumwah serving 27 months of incarceration "with credit for time served." Ex. 2.

At sentencing, the parties agreed that Mr. Wahchumwah's 2004 conviction counted as 3 points toward his offender score. However, the parties disagreed as to whether his 2012 conviction had washed out. Mr. Wahchumwah asserted the conviction had washed out because he spent five consecutive years in the community without committing any crimes that resulted in a conviction. The State argued the 2012 conviction had not washed out because the five-year period was interrupted when Mr. Wahchumwah was incarcerated for 12 months for "failing to maintain full-time employment" and failing "to live at an approved residence" in violation of the terms of his probation. Rep. of Proc. (RP) at 54; Ex. 3.

The sentencing court agreed with the State, noting, "there was a sentence [Mr. Wahchumwah] began serving on that [2012] matter [beginning on] June 4, 2012. And

2

then, the violation occurring in this case appears to be October 8, 2019." RP at 54. The court concluded that the 2012 conviction had not washed out as Mr. Wahchumwah's probation violations interrupted the required five-year period. The trial court determined Mr. Wahchumwah had an offender score of 4 and sentenced him to 12 months and 1 day of incarceration.

Mr. Wahchumwah timely appeals.

## ANALYSIS

### OFFENDER SCORE CALCULATION

Mr. Wahchumwah argues the trial court miscalculated his offender score when it added 1 point for his 2012 conviction. We disagree.

A trial court's offender score calculation is reviewed de novo. *State v. Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019). An offender score affects a defendant's sentencing range and is typically calculated by adding the defendant's current offenses and prior convictions. *State v. Hunley*, 175 Wn.2d 901, 908-09, 287 P.3d 584 (2012). To calculate a defendant's offender score, the sentencing court must determine a defendant's criminal history based on their prior convictions under the framework of RCW 9.94A.525. *Schwartz*, 194 Wn.2d at 438. The State bears the burden of proving prior convictions at sentencing by a preponderance of the evidence. *Hunley*, 175 Wn.2d at 909-10.

"A sentencing court acts without statutory authority under the Sentencing Reform Act of 1981 [SRA] when it imposes a sentence based on a miscalculated offender score." *In re Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997). "When a trial court miscalculates a defendant's offender score, we remand the case to the trial court for resentencing." *Schwartz*, 194 Wn.2d at 438.

"RCW 9.94A.525(2)(c) directs whether class C felony convictions are to be included in a defendant's offender score." *Id*. at 439. Offenses that have washed out "shall not be included in the offender score." *State v. Cruz*, 139 Wn.2d 186, 191, 985 P.2d 384 (1999).

RCW 9.94A.525(2)(c) provides:

> [C]lass C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

RCW 9.94A.525(2)(c) consists of two clauses: a trigger clause, "which identifies the beginning of the five-year [washout] period," and an interruption clause, "which sets forth the substantive requirements an offender must satisfy during the five-year period." *State v. Ervin*, 169 Wn.2d 815, 821, 239 P.3d 354 (2010).

Mr. Wahchumwah argues that RCW 9.94A.525(2)(c) is ambiguous and refers us to *State v. Schwartz* where our Supreme Court held that a defendant's failure to pay legal

4

financial obligations (LFOs), that resulted in a jail sentence, did not interrupt the five-year washout period. 194 Wn.2d at 434. Based on the facts before us, RCW 9.94A.525(2)(c) is not ambiguous.

In *Schwartz*, the Supreme Court held RCW 9.94A.525(2)(c) is "subject to more than one reasonable interpretation" and was therefore ambiguous. 194 Wn.2d at 441. However, the Supreme Court's conclusion was limited to a defendant's incarceration based on a failure to pay LFOs. *Id.* The court was explicit in the scope of its holding:

> We do not attempt to ascertain the statute's meaning for all purposes because this case asks only the narrow question of how it applies to confinement for failure to pay LFOs. Therefore, *we may assume without deciding that RCW 9.94A.525(2)(c) does reset the washout period when a person is jailed as a sanction for violating sentence conditions generally.* Nevertheless, based on several factors unique to LFOs, we hold that such a reading is not what the legislature intended when a person is jailed for failure to pay.

*Id.* (emphasis added).

The court wrote, "to read RCW 9.94A.525(2)(c) as resetting the five-year washout period any time a defendant has failed to pay his or her LFOs" would be absurd. *Id.* at 443. Because there is a presumption that the legislature does not intend to create absurd results, the courts are to interpret ambiguous language to avoid such outcomes. *See Ervin*, 169 Wn.2d at 823-24. The *Schwartz* court recognized that "[m]any defendants cannot afford the LFOs ordered as part of their convictions and either pay only a small sum each month or do not pay their LFOs at all," creating the potential for defendants to

owe LFOs for years following their release. *Schwartz,* 194 Wn.2d at 443. "If convictions could not wash out under the SRA unless a defendant has paid all LFOs, many felony convictions would never wash out. We presume that the legislature did not intend such a result." *Id.*

Here, Mr. Wachumwah was convicted of failure to register as a sex offender in 2012 and sentenced to 27 months of incarceration. Ex. 2. On October 8, 2019, Mr. Wahchumwah was found to have violated his probation due to his failure "to maintain full time employment" and "to live at an approved residence." Ex. 3. These violations resulted in him being reincarcerated during the five-year washout period. In *In re Higgins*, we held that "[c]onfinement for community supervision violations is confinement 'pursuant to a felony.'" 120 Wn. App. 159, 164, 83 P.3d 1054 (2004). Thus, Mr. Wahchumwah's confinement resulting from his probation violations interrupted the washout period.

RCW 9.94A.525(2)(c) is not ambiguous as applied to the facts before us. Mr. Wahchumwah's 2012 conviction did not wash out. We therefore affirm the trial court's offender score calculation.

SCRIVENER'S ERROR

Mr. Wahchumwah requests we remand for the trial court to correct scrivener's errors contained in both the judgment and sentence and statement of defendant on plea of guilty. Mr. Wahchumwah claims his judgment and sentence contains the incorrect statute

for failure to register as a sex offender. He further alleges the statement of defendant on plea of guilty erroneously contains a 2008 federal conviction for failure to register as a sex offender that was reversed on appeal and lists two incorrect statutes. The State responds that the scrivener's error in the judgment and sentence is moot as it was corrected four days after Mr. Wahchumwah was sentenced, and Mr. Wahchumwah is precluded from raising the scrivener's error contained in the statement of defendant on plea of guilty on appeal because he failed to object below.

"A 'scrivener's error' is a clerical mistake that, when amended, would correctly convey the trial court's intention based on other evidence." *State v. Wemhoff*, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022). "The remedy for clerical or scrivener's errors in judgment and sentence forms is remand to the trial court for correction." *State v. Munoz-Rivera*, 190 Wn. App. 870, 895, 361 P.3d 182 (2015).

We will generally not review an issue on appeal if it is moot. RAP 18.9(c). An appeal is moot if the issue is "purely academic" such that we are unable to provide effective relief. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 258, 138 P.3d 943 (2006). Although moot issues are generally not reviewed, we may exercise our discretion to decide an issue when there is a substantial and continuing public interest. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021).

The scrivener's error in Mr. Wahchumwah's judgment and sentence was corrected by an order dated July 27, 2023, rendering the issue moot. Mr. Wahchumwah does not

7

argue, and we do not find the now-corrected scrivener's error is of substantial and continuing public interest warranting review. Accordingly, we decline review.

Mr. Wahchumwah alleges three scrivener's errors are contained in the statement of defendant on plea of guilty. Because he did not raise this issue below, we decline review. RAP 2.5(a). Mr. Wahchumwah is not, however, left without a remedy. He may address the issue in the trial court through a CrR 7.8(a) motion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____            _____
Fearing, J.                                                      Staab, A.C.J.

8